IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY <br> AND ETHICS IN WASHINGTON, <br> 455 Massachusetts Ave., N.W., Sixth Floor <br> Washington, D.C. 20001 <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Ave., N.W. <br> Washington, D.C. 20530-0001 <br><br> Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the refusal of the U.S. Department of Justice ("DOJ"), to disclose to CREW three categories of records related to the recusal of Attorney General Jeff Sessions from any matters involving the 2016 presidential campaigns.

2. This case seeks declaratory relief that DOJ is in violation of the FOIA, 5 U.S.C. § 552(a)(3)(a), by refusing to provide CREW on an expedited basis all responsive documents, and injunctive relief ordering the defendant DOJ to process and release to CREW immediately the requested records in their entirety.

### Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. DOJ has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

### Factual Background

6. On March 1, 2017, the *Washington Post* reported that during the 2016 presidential campaign, while playing a prominent role supporting then-candidate Donald Trump, Attorney General Jeff Sessions met twice with Russia's ambassador to the United States, Sergey Kislyak. One of these meetings took place at then-Senator Session's

congressional office, and the other took place at the Republican National Convention. The existence of both meetings had not previously been disclosed.

7. During his January 10, 2017 confirmation hearing before the Senate Judiciary Committee, Mr. Sessions was asked by Sen. Al Franken (D-MN) what he would do if he learned of any evidence that anyone affiliated with the Trump campaign had communicated with the Russian government during the campaign. Mr. Sessions responded that he was "not aware of any of those activities," and went on to volunteer: "I have been called a surrogate at a time or two in that campaign and I did not have communications with the Russians."

8. Subsequently, Sen. Patrick Leahy (D-VT) requested that Mr. Sessions provide answers to follow-up written questions. Among the questions Sen. Leahy posed was the following: "Several of the President-elect's nominees or senior advisors have Russian ties. Have you been in contact with anyone connected to any part of the Russian government about the 2016 election, either before or after election day?"

9. Mr. Sessions responded with one word, "No."

10. Less than 24 hours after the *Washington Post* broke the story about Attorney General Sessions' failure to disclose his two meetings with the Russian ambassador, the attorney general held a press conference at which he announced he was recusing himself from any existing or future investigations of any matter relating in any way to the presidential campaigns.

11. Attorney General Sessions explained his staff had recommended recusal. Specifically, "[t]hey said that since I had involvement with the campaign, I should not be

involved in any campaign investigation. I have studied the rules and considered their comments and evaluation. I believe those recommendations are right and just."

12. At the press conference the attorney general also suggested there was no direct link between the *Washington Post*'s revelations and his recusal decision. According to the attorney general, on the preceding Monday – three days earlier – he and his staff had "set a meeting with an eye on a final decision" on the recusal question for Thursday, March 2, 2017, the day of his press conference.

13. On March 6, 2017, CREW sent a FOIA request by facsimile to DOJ's Office of Information Policy requesting three categories of records: (1) all records containing or reflecting advice and/or recommendations regarding whether Attorney General Sessions should recuse himself from any matters involving the 2016 presidential campaign; (2) all calendars for the attorney general for the period February 27, 2017 through March 3, 2017; and (3) all documents effectuating the attorney general's recusal within DOJ.

14. CREW sought a waiver of fee associated with processing its request. CREW explained the requested records likely will contribute to public understanding of the motivation behind the attorney general's recusal decision, the extent to which it was guided by advice from his staff, and the extent to which it was influenced by the public revelation he had not testified fully and truthfully before Congress during his confirmation hearing. Given his status as the nation's top law enforcement official, the public interest in his integrity and honesty could not be greater.

15. CREW also sought expedition of its request because the subject matter is of widespread and exceptional media interest and the requested information involves possible questions of the government's integrity that affect public confidence. Pursuant

to DOJ regulations, CREW submitted its request for expedition to the Director of Public Affairs on March 6, 2017.

16. By letter dated March 15, 2017, DOJ advised CREW that DOJ's Director of Public Affairs had determined CREW's request for expedited processing should be granted. DOJ further advised it has assigned CREW's request to the complex track, and had not yet made a decision on CREW's request for a fee waiver. DOJ did not provide CREW with a date by which the agency would make a determination under the FOIA on CREW's request.

17. DOJ has orally advised CREW it has located documents responsive to CREW's request for the attorney general's calendars for the designated five-day period. Nevertheless, despite DOJ's claim to be processing CREW's request on an expedited basis, to date DOJ has not made a determination on this or any other aspect of CREW's request, as the FOIA requires.

18. CREW has now exhausted all applicable administrative remedies.

### **PLAINTIFF'S CLAIMS FOR RELIEF**

#### **CLAIM ONE**
**(Wrongful Withholding of Non-Exempt Records)**

19. Plaintiff repeats and re-alleges paragraphs 1-18.

20. Plaintiff properly asked for records within the custody and control of DOJ.

21. Defendant DOJ wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on expedited FOIA requests, and by withholding from disclosure records responsive to plaintiff's FOIA request.

22. By failing to release the records as plaintiff specifically requested, defendant

violated the FOIA.

23. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant DOJ to immediately and fully process plaintiff's March 6 expedited FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Anne L. Weismann

Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
   in Washington
455 Massachusetts Ave., N.W., Sixth Floor
Washington, D.C. 20001
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: April 4, 2017       *Attorneys for Plaintiff*