# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) Plaintiff, ) ) v. ) ) U.S. DEPARTMENT OF JUSTICE, ) ) Defendant. ) ) | Civil No. 17-00599 (APM) |

## JOINT STATUS REPORT

Pursuant to the Court's Order of June 19, 2017, Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") and Defendant Department of Justice ("DOJ") hereby submit this joint status report.

*Defendant's Statement*

On June 20, 2017, Defendant provided Plaintiff with additional information regarding the responsive calendar entries. Defendant informed Plaintiff that only one entry specifically refers to recusal, and it categorized the descriptions of the remaining entries into 11 categories. Defendant further informed Plaintiff that, as stated at the hearing, DOJ's Office of Information Policy ("OIP") believes it can complete the processing of all responsive calendar entries before the proposed July 31 final production deadline. At this time, OIP anticipates that it can produce non-exempt, responsive calendar entries by July 7.

In response, Plaintiff indicated that it was interested in receiving all calendar entries by July 7, and proposed that OIP prioritize documents in four specific categories,[1] plus the one entry specifically mentioning recusal, for production prior to July 7.  Defendant offered to process by June 30 the one entry specifically mentioning recusal, as well as two of the four categories of entries identified by Plaintiff—a meeting designated as "discussion" and meetings or phone calls with persons or entities outside the federal government.  Those two categories of entries do not implicate additional equities outside of DOJ leadership offices.  The other two categories of entries do implicate the equities of other DOJ components and Executive Branch entities, and thus Defendant cannot at this time commit to a production deadline earlier than July 7.  If the processing of the remaining calendars, or of any other entries (beyond what Defendant has proposed) is complete by June 30, however, OIP will provide any non-exempt information related to any other entries by that date.

Plaintiff has agreed to Defendant's offer.

Defendant disagrees with the allegations made in Plaintiff's statement below and reiterates that OIP has been and continues to process Plaintiff's FOIA request as soon as practicable.

*Plaintiff's Statement*

The parties have discussed a production schedule whereby DOJ would disclose three categories of documents, out of a total of 12 categories, by June 30, with a final production by July 7, 2017.  In response to CREW's request that the initial tranche of disclosures include just three entries – a calendar entry specifically referring to recusal and two entries regarding either

---

[1] Those categories are routine/standing meetings, a meeting designated as "discussion," meetings or phone calls with persons or entities outside the federal government, and meetings or phone calls with the President or White House staff.

meetings or phone calls with the President or White House staff – counsel for DOJ has stated that "OIP is not agreeable to providing additional materials beyond what we've offered to provide[.]"  Mindful of the Court's request that the parties attempt to resolve this matter without judicial interference, CREW has agreed to the DOJ's proposal.

CREW notes, however, that the government's proposal conflicts with multiple representations DOJ has made throughout this litigation.  As set forth in the Complaint at ¶ 17, and affirmed in DOJ's Answer at ¶ 17, DOJ advised CREW *before* CREW filed suit on April 4, that the agency already had located the five days of calendars responsive to CREW's request.  In the Joint Status Report filed by the parties on June 2 (Dkt. 11), DOJ claimed that the responsive documents "identified to date are *currently being processed* for release of any non-exempt information." Dkt. 11, p. 2 (emphasis added).  Following this, in its opposition to CREW's preliminary injunction motion filed on June 8, 2017 (Dkt. 12), DOJ submitted the declaration of Vanessa Brinkmann.  Ms. Brinkmann stated her office had "*completed* its review" of the records retrieved from a search of the Office of the Attorney General ("OAG") and the Departmental Executive Secretariat (¶ 19) (emphasis added).  DOJ's counsel advised the Court on June 19 that the calendars comprise 10 or less pages.  Finally, DOJ has known for weeks, if not months, about the need to consult with entities that purportedly have equities in the requested information.  DOJ should be able to conclude that process for the three entries CREW has requested by June 30.

The parties respectfully propose that they file a joint status report within one week of DOJ's July 7 production advising the Court of any remaining issues and, if appropriate, proposing a briefing schedule to resolve those issues.

Dated: June 21, 2017				Respectfully submitted,

*/s/ Anne L. Weismann*
Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
	in Washington
455 Massachusetts Ave., N.W., Sixth Floor
Washington, D.C. 20001
Phone: (202) 408-5565
aweismann@citizensforethics.org

*Attorneys for Plaintiff*


CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

MARCIA BERMAN
Assistant Branch Director
Federal Programs Branch

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS (DC Bar No. 985055)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6130
Washington, D.C.  20530
Tel:	(202) 616-8298
Fax:	(202) 616-8460
Email: Kathryn.C.Davis@usdoj.gov

*Attorneys for Defendant*